IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES LOEWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-1008-CJP[1] |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Charles Loewe, an inmate in the Federal Bureau of Prisons ("BOP") incarcerated at FCI-Greenville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence. He contends that he should receive credit on his federal sentence for all of the time he spent in custody since his arrest on federal charges, including the time he was in the custody of the State of Missouri. For the reasons set forth below, the Petition is denied.

## BACKGROUND

Petitioner Charles Loewe worked for LN & P Tire Service, a towing business in St. Louis owned by the Leisure family. *United States v. Leisure*, 844 F.2d 1347, 1351 (8th Cir. 1988). The Leisures were involved in organized crime, and

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 20).

sought to dominate the local labor unions in the St. Louis metropolitan area. *Id.* The Leisures murdered their opponents to the extent necessary to establish their domination and protect their position within the unions. *See id.* at 1352–53. Loewe took part in planning and executing a number of those killings and attempted killings. *Id.*

Both federal and state authorities had been investigating the Leisure group, and Loewe subsequently faced dual prosecution in federal and state court. He was indicted on April 14, 1983 in the United States District Court for the Eastern District of Missouri on federal charges of racketeering and conspiracy to commit racketeering (Doc. 12-1, p. 1). He was taken into federal custody the same day (*See* Doc. 12-1, p. 1). Loewe was released from federal custody on bond on May 20, 1983 (Doc. 12-1, p. 1).

On November 10, 1983, while out on federal bond, Loewe was arrested by local authorities in St. Louis and charged with two counts of capital murder, two counts of first degree assault, and two counts of armed criminal action (Doc. 1-2, p. 4; Doc. 9-1, p. 2). Loewe could not afford to post the state bond, and so he remained in the custody of the State of Missouri (Doc. 1-1, p. 2; Doc. 1-2, p. 4).

Because Loewe was in the custody of state authorities, the Eastern District of Missouri issued writs of habeas corpus ad prosequendum on six occasions throughout 1983 and 1984 in order to secure Loewe's presence in federal court from the State of Missouri.[2] On each occasion, after Loewe appeared in federal

---

[2] Loewe appeared in federal court for various hearings pursuant to a writ on the

court, he was returned to the custody of the State of Missouri.

On April 2, 1985, after a 45-day jury trial in federal court, Loewe was convicted of racketeering and conspiracy to commit racketeering (Doc. 12-3, p. 5). Loewe was sentenced on May 1, 1985 to an aggregate term of imprisonment of 36 years (Doc. 12-3, p. 6). After sentencing, Loewe was again returned to the custody of the State of Missouri for trial on the state charges (Doc. 1-2, p. 4).

The State of Missouri filed a new indictment against Loewe on May 22, 1985, dropping the two charges of armed criminal action. (Doc. 13-3, p. 1; Doc. 13-4). Loewe went to trial in state court on April 28, 1987 on only the two counts of first degree assault (Doc. 13-3, p. 18).[3] He was convicted by the jury on both counts, and sentenced on May 18, 1987 to twenty-five years on each count (Doc. 13-3, pp. 21–22). The state court ordered Loewe's state sentences to run consecutively to each other and to the thirty-six year sentence he received in federal court (Doc. 13-3, p. 22).

The Missouri Department of Corrections indicated Loewe began serving his state court sentence of 50 years on November 3, 1988 (Doc. 9-1, p. 14). He received 1,820 days of credit toward his state sentence for the time he had spent in state custody up to that point (Doc. 9-1, p. 14; Doc. 1-2, p. 4). On July 10, 2001,

---

following days: December 6, 1983 (Doc. 12-1, p. 6); January 16, 1984 (Doc. 12-1, p. 7); February 7, 1984 (Doc. 12-2, p. 1); May 30, 1984 (Doc. 12-2, p. 3); and June 14, 1984 (Doc. 12-2, p. 4). A one-day writ was also issued on March 27, 1984 to secure Loewe's presence for trial preparation (Doc. 12-2, p. 2). On April 25, 1984, that writ was extended for an additional period of ten days (*Id*.).

[3] The two counts of capital murder remained pending at that time. *See* (Doc. 13-3, p. 21).

Loewe was released by the State of Missouri on parole to a federal detainer (Doc. 9-1, p. 16). He began serving his federal sentence that same day (Doc. 9-1, p. 19). He received 37 days of credit toward his federal sentence for the time he spent in federal custody from the time of his arrest on federal charges on April 14, 1983 until he was released on bond on May 20, 1983 (Doc. 9-1, p. 19). However, the BOP determined that Loewe would not receive credit for the time he spent in state custody. Loewe's present mandatory release date, as calculated by the BOP, is on or about March 3, 2017 (Doc. 9, p. 2).

In November 2011, Loewe filed a petition in this Court seeking a writ of habeas corpus. Loewe alleges that the BOP mistakenly calculated his sentence under the Sentencing Reform Act of 1984, 18 U.S.C. § 3551–86, and refused to credit his federal sentence with the time he spent in custody since his arrest by federal authorities on April 14, 1983 until he began serving his federal sentence on July 10, 2001. He claims that the BOP should calculate his sentence under the Bail Reform Act of 1966, 18 U.S.C. § 3568, which entitles him to credit for that time. If the credit were granted, then he would be eligible for immediate release. There is no dispute that Loewe has exhausted his administrative remedies.

## **DISCUSSION**

Loewe is requesting sentence credit and a recalculation of the time he has left to serve, which are issues that can be challenged under 28 U.S.C. § 2241. *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000). The writ of habeas corpus

may be granted where the defendant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). In this instance, Loewe's custody is purportedly in violation of 18 U.S.C. § 3568, which governs the calculation of his federal prison sentence.[4] Section 3568 provides in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward the service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

*Jackson v. Brennan*, 924 F.2d 725, 727 (7th Cir. 1991).

Loewe contends that he is "entitled to credit for all time spent in custody since his arrest by federal authorities, including the time spent in the Missouri prison" (Doc. 1-1, p. 6), meaning from April 14, 1983 when he was arrested on federal charges until July 10, 2001 when he was released on parole from the Missouri Department of Corrections. However, the 37 days that he spent in the custody of federal authorities—from his federal arrest on April 14, 1983 until he was released on bond on May 20, 1983—have already been credited to his federal

---

[4] Although § 3568 was repealed as part of the Sentencing Reform Act, it still governs the calculation of federal sentences for crimes committed before November 1, 1987. *Jackson v. Brennan*, 924 F.2d 725, 727 n.3 (7th Cir. 1991). Since the offenses for which Loewe was convicted occurred prior to that date, § 3568 applies here.

sentence (*See* Doc. 9-1 p. 19). Additionally, he is not entitled to credit toward his federal sentence for the roughly five months that he was free on bond. *Reno v. Koray*, 515 U.S. 50, 59 (1995) (noting that the Courts of Appeal that have interpreted § 3568 "uniformly held that the phrase 'in custody' did not allow sentence credit because of restrictions placed on a defendant's liberty as a condition of release on bail.")

Therefore, the only period of time for which the Court must determine if Loewe is entitled to credit is the time he spent in the custody of the State of Missouri. Loewe was in pre-trial custody of the State of Missouri from the time of his state arrest on November 10, 1983 until he began serving his state court sentence on November 3, 1988. He was serving his state sentence in the Missouri Department of Corrections from November 3 until he was released on parole on July 10, 2001.[5] Loewe received credit for all 1,820 days of pre-trial custody toward his state sentence. (Doc. 9-1, p. 14; Doc. 1-2, p. 4). He now attempts to claim the same credit on his federal sentence.

While § 3568 does not explicitly prohibit double credit,[6] and Loewe claims that "credit against another sentence is not a spoiler under § 3568" (Doc. 1-1, p. 6), caselaw clearly holds otherwise. *See, e.g., Culotta v. Pickett,* 506 F.2d 1061,

---

[5] The characterization of Loewe's state custody as time spent in pre-trial custody or time serving his state sentence does not affect the Court's analysis under § 3568. *Marks v. Clark*, 61 F.3d 906, at *2 n.3 (7th Cir. 1995).

[6] The Sentencing Reform Act, which replaced § 3568, now explicitly provides that no credit can be given for time already credited to another sentence. 18 U.S.C. § 3585(b); *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000) ("§ 3585(b) forbids the BOP from giving credit for presentence custody when that credit has already been applied against another sentence.")

1064 (7th Cir.1974) (citing *Siegel v. United States,* 436 F.2d 92, 95 (2d Cir. 1970)) (noting the Second Circuit "rejected the claim that double credit was required by § 3568 . . . as an absurdity"). Loewe received credit against the sentence imposed on him by the State of Missouri for the entire period he was incarcerated in that state. This fact precludes him from also receiving credit against his federal sentence for any portion of that period of time.

Loewe makes a number of arguments as to why he is entitled to double credit, each of which are meritless and warrant little discussion. Loewe first argues that he should receive credit toward his federal sentence for the time he spent in state custody because the same acts served as the basis for the state and federal charges (Doc. 1-1, pp. 9–13). Thus, the time he spent in state custody was spent in connection with the offense or acts for which the federal sentence was imposed, and under § 3568 he is entitled to receive credit against his federal sentence for that time (Doc. 1-1, pp. 9–13). However, "a defendant cannot be considered to be 'in custody in connection with' the acts underlying a federal sentence unless the custody is federal custody or is otherwise attributable to the federal government." *Kendrick v. Carlson*, 995 F.2d 1440, 1445 (8th Cir. 1993) (citing *Jackson,* 924 F.2d at 727). Loewe's state custody was due to a violation of Missouri law and was subject to the complete control of the State of Missouri. It was entirely independent of his federal prosecution for violations of federal law. Because Loewe's state custody was due to a violation of Missouri law, it cannot possibly be characterized as "in connection with the offense or acts" for which his

federal sentence was imposed, regardless of whether the federal and state prosecutions stemmed from the same conduct. *Jackson,* 924 F.2d at 727.

Loewe next argues that he is entitled to receive credit against his federal sentence for the time he spent in state custody because "he languished in state custody solely on account of his federal prosecution" (Doc. 1-1, p. 14). It is true that time spent in state custody must be credited toward time served on a federal sentence when the state custody "was caused or sustained by the federal government." *Jackson*, 924 F.2d at 728. However, Loewe's state custody was clearly not at the behest of the federal government because as previously explained, Loewe was in state custody solely because of the state's decision to prosecute him for violations of state law.

Loewe's final argument is that his federal sentence should have begun running on the date it was imposed, and that the BOP should have designated nunc pro tunc the state prison as the place of confinement for his federal sentence (Doc. 1-1, pp. 16–17). If this retroactive designation was made, it would credit Loewe's federal sentence with the time he served in state custody. In this case, however, the Missouri state court clearly expressed its intent that Loewe's state sentence was to be served consecutively to his federal sentence. "The BOP has broad statutory discretion to designate any correctional facility as the place of confinement for service of a federal sentence, and must consider a nunc pro tunc designation request but has no obligation to grant it." *Jones v. Winn*, 13 Fed. Appx. 419, 421 (7th Cir. 2001) (citing 18 U.S.C. § 3621(b); *Barden v. Keohane*, 921 F.2d 476, 478

(3d Cir. 1990)). Loewe admitted that the BOP considered his request stating that "he made repeated requests to the Federal Bureau of Prisons to designate the Missouri prison as the place for [him] to serve his federal sentence. Those requests were summarily denied." (Doc. 1-1, p. 4). Therefore, the BOP did all that it was required to do.

Simply put, Loewe "owed a debt to two separate sovereigns, each of which had a right to exact payment independently of the other." *Jackson*, 924 F.2d at 729 (citing *Goode v. McCune,* 543 F.2d 751, 753 (10th Cir. 1976)).

## CONCLUSION

Charles Loewe's petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: December 16, 2013

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate Judge