IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES LOEWE,

       Petitioner,

v.                                                     Case No. 11-1008-DRH-DGW

JAMES N. CROSS,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") submitted by Magistrate Judge Proud (Doc. 27). The Report recommends that the Court deny and dismiss with prejudice Loewe's 28 U.S.C. § 2241 petition. Loewe filed an objection to the Report (Doc. 26).[1] Based on the following, the Court adopts in its entirety the Report.

---

[1] On December 13, 2013, the Clerk of the Court reassigned this matter to Magistrate Judge Proud to conduct all proceedings and to enter final judgment under the belief that all parties had consented to such (Doc. 20). Thereafter, Magistrate Judge Proud entered a Memorandum and Order on December 16, 2013 denying and dismissing with prejudice Loewe's habeas corpus petition (Doc. 21). On December 27, 2013, Magistrate Judge Proud granted Loewe's motion to vacate clerk of the Court's referral to magistrate for final decision under 28 USC § 646(c) as improvidently entered (Doc. 24). That Memorandum and Order also vacated the December 16, 2013 Memorandum and Order and the December 16, 2013 Judgment. On January 2, 2014, Loewe filed an objection to the December 16, 2013 Memorandum and Order denying and dismissing with prejudice his petition (Doc. 26). On January 15, 2014, the Court allowed Loewe's objections to be considered as objections to the January 7, 2014 Report (Doc. 29).

On November 11, 2011, Charles Loewe, a federal inmate incarcerated at FCI-Greenville, Illinois, filed a 28 U.S.C. § 2241 habeas corpus petition challenging the calculation of his federal sentence (Doc. 1). He maintains that 18 U.S.C. § 3568 requires the Bureau of Prisons ("BOP") to give him credit against his 36 year federal prison term for the time that he spent in the custody of the State of Missouri on state charges. Loewe contends that if this was applied correctly, the he would be eligible for immediate release. According to the BOP's website, Loewe has projected release date of March 3, 2017 as to his federal sentence.

On April 14, 1983, federal authorities arrested Loewe in St. Louis, Missouri on federal charges of racketeering and conspiracy to commit racketeering.[2] On May 20, 1983, Loewe was released from federal custody on bond. On November 10, 1983, local authorities in St. Louis, Missouri arrested Loewe for capital murder, assault in the first degree and armed criminal action. On December 6, 1983, Loewe was "borrowed" from the State of Missouri pursuant to a federal writ of habeas corpus ad prosequendum. On May 1, 1985, Loewe was sentenced in the United States District Court for the Eastern District of Missouri to 36 years imprisonment for conducting and participating in the affairs of an enterprise through a pattern of racketeering activity, conspiracy to conduct and participate in the affairs of an enterprise through a pattern of racketeering activity. After sentencing, Loewe was returned to the custody of the State of Missouri. On May

---

[2] The facts of the underlying criminal case can be found in Loewe's appeal of his criminal case. *United States v. Leisure*, 844 F.2d 1347 (8th Cir. 1988).

18, 1987, Loewe was sentenced by the State of Missouri to a 50-year term of imprisonment for assault in the first degree. The State of Missouri awarded him credit from November 10, 1983 through July 10, 2010, when he was released on parole to a federal detainer.

After Loewe served 189 months in federal prison, the United States Parole Commission ("USPC") issued a Notice of Action ("NOA") granting presumptive parole effective March 3, 2017. Loewe's sentence computation was updated after receiving the NOA. On July 17, 2011, the USPC National Appeals Board examined Loewe's appeal and affirmed the USPC's decision. Thereafter, Loewe filed an administrative appeal regarding his sentence computation to the Warden. The Warden denied his appeal. Loewe appealed that decision to the Regional Office. On August 31, 2011, the Regional Office denied that appeal. Loewe appealed that decision to the BOP Central Office. On October 21, 2011, the Central Office denied his appeal. Subsequently, Loewe filed this § 2241 petition.

On January 7, 2014, Magistrate Judge Proud issued the Report (Doc. 27). The Report recommends that the Court deny and dismiss with prejudice Loewe's habeas corpus petition. Loewe filed objections to the Report (Doc. 26). Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this

determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## Legal Standards

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3).

Here, Loewe maintains in his objections that his habeas petition presents one question: "Can the Bureau of Prisons lengthen Loewe's term of imprisonment by sixteen years by applying a Sentencing Reform Act provision effective November 1, 1987, to his sentence imposed on May 1, 1985? (Doc. 26, p. 1-2). The Court finds that his objections are without merit and adopts the reasoning set forth in the Report.

Section 3568 provided as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward the service of his sentence for any days spent in custody or connection with the offense or acts for which the sentence was imposed. As used in this section, the term "offense" means any criminal offense, other than an offense triable by court martial, military commission, provost court, or other military tribunal, which

> is in violation of an Act of Congress and is triable in any court established by an Act of Congress.

Section 3586 was repealed on November 1, 1987. Because the offense for which Loewe was sentenced occurred before that date, § 3568 applies in Loewe's case. *See Jackson v. Brennan*, 924 F.2d 725, 727 n.4 (7th Cir. 1991).

Loewe argues that under § 3568, the state convictions are actually elements of his federal conviction, and thus, his Missouri state sentence would be credited toward his federal sentence. The Court's review of the pleadings and the case law indicates that the Seventh Circuit Court of Appeals has rejected Loewe's interpretation of the law. In fact, the Seventh Circuit has held that § 3568 does not require credit against a federal sentence for prior custody on a state or foreign conviction even when the same criminal course of conduct was the basis for both prosecutions. *Id*. at 727-28 (holding that, under § 3568, habeas petitioner was not entitled to credit against his federal sentence for time already spent in Cuban custody for the same criminal act --- airplane hijacking); *Cullotta v. Pickett*, 506 F.3d 1061 (7th Cir. 1974)(concluding that, under § 3568, habeas petitioner was not entitled to credit against his federal sentence for time already spent in state custody for parole violation, even though same course of conduct was the basis for the federal prosecution and the revocation of state parole); *United States v. Kanton*, 362 F.2d 178 (7th Cir. 1966)(concluding that, under § 3568, defendant was not entitled to credit against his federal sentence for time already spent in Illinois custody for a state conviction involving same course of conduct – bank

robbery). Clearly, Loewe is not entitled to the additional custody credit that he seeks pursuant to § 3568.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 27). The Court **DENIES** and **DISMISSES with prejudice** Loewe's 28 U.S.C. § 2241 petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 17th day of April, 2014.

Digitally signed by David R. Herndon
Date: 2014.04.17 12:49:12 -05'00'

**Chief Judge**
**United States District Court**