IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARLES LOEWE,**

    **Petitioner,**

v.                                                            Case No. 11-1008-DRH-DGW

**JAMES N. CROSS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Pending before the Court is Loewe's motion for reconsideration (Doc. 32). Specifically, Loewe moves the Court to consider its April 17, 2014 Memorandum and Order denying and dismissing with prejudice Loewe's habeas corpus petition and Judgment reflecting the same (Docs. 30 & 31). Based on the following, the Court denies the motion.

    There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir.1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Although both Rules 59(e) and 60(b)

have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion … is 'excusable neglect,' " the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

Loewe contends that the Court misapprehended the issue in this case and made a manifest error of law when the Court decided that Loewe is not entitled for credit against his federal sentence. After reviewing the record again, the Court finds that Loewe neither presented newly discovered evidence nor identified a manifest error of law or fact. His motion merely takes umbrage with the Court's previous ruling and rehashes old arguments that have been addressed by the Court. In rendering the Memorandum and Order a dismissing Loewe's habeas corpus petition, the Court examined the evidence and case law submitted by the parties and remains convinced of the correctness of its position. The

Memorandum and Order is clear and needs no clarification. Accordingly, the Court **DENIES** Loewe's motion for reconsideration (Doc. 32).

**IT IS SO ORDERED.**

Signed this 12th day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.12 13:21:04 -05'00'

**Chief Judge**
**United States District Court**